# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIAN SCOTT SEEFELDT,<br><br>           Plaintiff,<br><br>     v.<br><br>CDCR MEDICAL, et al.,<br><br>           Defendants.<br>_____/ | CASE NO. 1:08-cv-00337-LJO-GSA PC<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTIVE RELIEF BE DENIED FOR LACK OF JURISDICTION<br><br>(Doc. 8)<br><br>OBJECTIONS DUE WITHIN THIRTY DAYS |

Plaintiff Brian Scott Seefeldt ("Plaintiff") is a prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on March 10, 2008. Plaintiff is currently housed at the Solano County Jail and on September 18, 2008, Plaintiff filed a motion seeking a court order mandating Plaintiff's placement into federal custody. (Doc. 8, ¶25.) Plaintiff alleges that his safety will be placed in danger if he is transferred into the custody of the California Department of Corrections and Rehabilitation. The danger asserted arises from Plaintiff's testimony in a criminal trial, which caused him to be placed in a witness protection program and which led to him being assaulted and threatened both inside and outside of prison. It is unclear from Plaintiff's motion whether he will be placed in CDCR custody and if so, when. Plaintiff indicates that he was taken into custody by the Solano County Sheriff's Department on March 10, 2008, rather than being released on parole on March 12, 2008. (Id., ¶26.)

The purpose of a preliminary injunction is to preserve the status quo if the balance of equities so heavily favors the moving party that justice requires the court to intervene to secure the positions

until the merits of the action are ultimately determined. <u>University of Texas v. Camenisch</u>, 451 U.S. 390, 395 (1981). A preliminary injunction is available to a plaintiff who "demonstrates either (1) a combination of probable success and the possibility of irreparable harm, or (2) that serious questions are raised and the balance of hardship tips in its favor." <u>Arcamuzi v. Continental Air Lines, Inc.</u>, 819 F. 2d 935, 937 (9th Cir. 1987). Under either approach the plaintiff "must demonstrate a significant threat of irreparable injury." <u>Id</u>. Also, an injunction should not issue if the plaintiff "shows no chance of success on the merits." <u>Id</u>. At a bare minimum, the plaintiff "must demonstrate a fair chance of success of the merits, or questions serious enough to require litigation." <u>Id</u>.

Federal courts are courts of limited jurisdiction, and as a preliminary matter, this Court must have before it an actual case or controversy. <u>City of Los Angeles v. Lyons</u>, 461 U.S. 95, 102, 103 S.Ct. 1660, 1665 (1983); <u>Valley Forge Christian Coll. v. Ams. United for Separation of Church and State, Inc.</u>, 454 U.S. 464, 471, 102 S.Ct. 752, 757-58 (1982); <u>Jones v. City of Los Angeles</u>, 444 F.3d 1118, 1126 (9th Cir. 2006). If the Court does not have an actual case or controversy before it, it has no power to hear the matter in question. <u>Id</u>. "A federal court may issue an injunction *if* it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may *not* attempt to determine the rights of persons not before the court." <u>Zepeda v. United States Immigration Service</u>, 753 F.2d 719, 727 (9th Cir. 1985) (emphasis added).

In this instance, the events at issue in this action arose while Plaintiff was incarcerated California State Prison-Corcoran and involve the failure to provide Plaintiff with gamma knife surgery.[1] The Court takes Plaintiff's allegations very seriously, but the Court does not have jurisdiction in this action to issue an order mandating that Plaintiff be placed in federal custody. The Court lacks jurisdiction because the case or controversy requirement cannot be met in light of the fact that the issue Plaintiff seeks to remedy in this motion bears no relation to the medical care issues giving rise to this lawsuit. The lack of jurisdiction requires that Plaintiff's motion be denied, despite the seriousness of Plaintiff's allegations.

---

[1] In a separate order, the Court dismissed Plaintiff's complaint, with leave to amend, for failure to state a claim. 28 U.S.C. § 1915A.

1     Therefore, the Court HEREBY RECOMMENDS that Plaintiff's motion for preliminary
2 injunctive relief, filed September 18, 2008, be DENIED.
3     These Findings and Recommendations will be submitted to the United States District Judge
4 assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **thirty (30)**
5 **days** after being served with these Findings and Recommendations, plaintiff may file written
6 objections with the court.  The document should be captioned "Objections to Magistrate Judge's
7 Findings and Recommendations."  Plaintiff is advised that failure to file objections within the
8 specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d
9 1153 (9th Cir. 1991).

13     IT IS SO ORDERED.
14     Dated:   **September 23, 2008**             **/s/ Gary S. Austin**
                                          UNITED STATES MAGISTRATE JUDGE